UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANETTE TURNER,

        Plaintiff,

    v.

COUNTY OF BUTTE, et al.,

        Defendants.

Case No. 2:26-cv-01061-TLN-CSK (PS)

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE

(ECF No. 2)

Plaintiff Jeanette Turner is proceeding in this action pro se.[1] Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's IFP application will be denied without prejudice because Plaintiff's IFP affidavit is insufficient.

## I.    LEGAL STANDARDS

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

---

[1]    This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify to proceed in forma pauperis, the litigant must submit an affidavit that includes a statement of all assets they possess. 28 U.S.C. § 1915(a)(1). The affidavit must also state that the person is unable to pay the fees or give security. *Id*. The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures[.]" *Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an affidavit claiming poverty in support of a motion made under 28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and certainty").

## II.    DISCUSSION

Plaintiff's IFP application does not contain an affidavit that satisfies the requirements under 28 U.S.C. § 1915. First, the IFP application lacks Plaintiff's signature and a declaration under penalty of perjury that Plaintiff is unable to pay the costs of these proceedings. Second, Plaintiff's IFP application fails to establish that she is entitled to prosecute this case without paying the required fees. Plaintiff states she receives $0 in pay or wages, has had no other income during the past 12 months, and has $0 in her checking or savings account. (ECF No. 2 at 2.)  Plaintiff states she is "in the process of applying for aid and disability." (*Id.* at 4.)  However, Plaintiff fails to disclose whether Plaintiff currently receives "Public assistance / welfare / TANF." (*Id.* at 2.) Further, Plaintiff states she owns a vehicle, that is, an "F150 Lariat," but does not indicate its approximate value. (*Id.* at 3.) Plaintiff also omits her monthly expenses for "Rent/Mortgage" and "Food/Groceries," if any. (*Id.*) Because of these omissions, Plaintiff's IFP application is deficient. The Court will provide Plaintiff an opportunity to file an amended IFP application that is complete and signed. Therefore, Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form. *See Williams*, 443 F. App'x at 233.

///

///

## III.   CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1.   Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice; and

2.   Plaintiff may file her renewed IFP application within thirty (30) days from the date of this order. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

Dated:  May 22, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, turn.1061.26