UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANETTE TURNER,

                Plaintiff,

     v.

COUNTY OF BUTTE, et al.,

                Defendants.

Case No. 2:26-cv-01061-TLN-CSK (PS)

ORDER AND FINDINGS AND RECOMMENDATIONS

(ECF No. 8)

Pending before the Court is Plaintiff Jeanette Turner's ex parte motion for a temporary restraining order ("TRO").[1] (ECF No. 8.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court recommends that Plaintiff's motion for a TRO be DENIED.

/ / /

/ / /

/ / /

/ / /

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.   BACKGROUND

Plaintiff filed the Complaint on March 23, 2026.[2] The Complaint sets forth seven claims for relief, including claims under 42 U.S.C. § 1983 asserting violations of Plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments and Title IV-E of the Social Security Act, 42 U.S.C. §§ 670 *et seq.*, and a claim asserting violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12132 *et seq.* Compl. (ECF No. 1). The County of Butte, the Butte County District Attorney's Office, the Chico Police Department, and Judge Clare Keithley in her individual capacity are named as defendants. *Id.* ¶¶ 8-11. On May 11, 2026, the Court noted Plaintiff apparently had attempted to include a TRO motion in her Complaint filing, and the Court ordered Plaintiff to file any request for emergency relief as a separate docket entry. 5/11/2026 Order (ECF No. 4).

Plaintiff filed the instant ex parte motion for a TRO on May 25, 2026. Pl. Mot. (ECF No. 8). As relevant to this motion, Plaintiff alleges she is under criminal prosecution in case number 25CF01950 in Butte County Superior Court for alleged violation of California Penal Code § 278. Compl. ¶ 36. Plaintiff alleges her appointed counsel concluded she was guilty and refused to review exculpatory evidence or investigate her case. *Id.* ¶¶ 39-40. Plaintiff alleges she has not received any discovery materials to assist her in participating in her own defense or negotiating a plea deal. *Id.* ¶¶ 41-42. Plaintiff also alleges that she has a bilateral hearing impairment, but that the Superior Court failed to provide disability accommodations in the form of Computer-Aided Real-Time Transcription ("CART"). *Id.* ¶¶ 43-47.

In her ex parte motion for emergency injunctive relief, Plaintiff seeks the following relief:  (1) a stay of the Superior Court criminal proceedings; (2) production to Plaintiff of certain allegedly exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83

---

[2]  Plaintiff also filed a motion to proceed in forma pauperis on March 24, 2026. (ECF No. 2.) The Court denied the motion without prejudice on May 22, 2026. 5/22/2026 Order (ECF No. 7). The deadline has not yet passed for Plaintiff to file a renewed IFP application. *See id.*

(1963); (3) CART accommodations in the state criminal proceedings; and (4) service of future orders and filings to Plaintiff's email address.[3] Pl. Mot. at 6-7.

## II.   LEGAL STANDARDS

Plaintiff moves ex parte for a temporary restraining order pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III.   DISCUSSION

### A.   Plaintiffs' Motion is Procedurally Deficient

Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary

---

[3]   It is unclear whether this relief is sought as to Plaintiff's receipt of service in the Butte County Superior Court or in this court.

restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c).

Here, Plaintiff's motion is procedurally deficient. In Plaintiff's motion and on the TRO checklist, Plaintiff stated that notice was given. Pl. Mot. at 2; (ECF No. 8-1 at 1). But Plaintiff does not include a separate affidavit or declaration indicating Plaintiff's attempt to provide notice. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5). Further, Plaintiff has not provided specific facts in an affidavit clearly showing that immediate and irreparable injury will result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A); E.D. Cal. Local Rule 231(c)(4). Courts regularly deny TRO motions for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("[C]ourts have recognized very few circumstances justifying the issuance of an ex parte TRO"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same). In addition, the TRO motion lacks the proposed order required by Local Rule 231(c)(6)-(8). Plaintiff's failure to comply with the Local Rules' requirements for TROs is also sufficient justification to deny the motion. *See Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024)

4

(denying TRO sought by pro se plaintiff as procedurally deficient); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

The Court will therefore recommend denial of the TRO motion based on these procedural deficiencies. The Court next addresses its authority to grant Plaintiff's requested relief.

### B.      *Younger* Abstention

Even if Plaintiff's TRO motion were procedurally adequate, this Court would not be able to provide the relief requested. "Under the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 44 (1971), federal courts should not interfere in ongoing state court criminal proceedings, and a federal court may not grant injunctive relief while the state court criminal case is pending." *Osegueda v. Stanislaus Cnty. Pub. Safety Ctr.*, 2017 WL 202232, at *9 (E.D. Cal. Jan. 17, 2017). The Ninth Circuit has "articulated a four-part test to determine when *Younger* requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings." *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023). "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (internal quotation marks and citation omitted). All four factors must be met to find abstention appropriate. *Duke*, 64 F.4th at 1094. But even if all four *Younger* factors are satisfied, federal courts will not invoke the abstention doctrine if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Based on Plaintiff's Complaint and TRO motion, Plaintiff's allegations are related

to an ongoing criminal case in Butte County Superior Court. A review of the Butte County Superior Court docket for case number 25CF01950 confirms that this criminal case is indeed ongoing, which implicates important state interests, meeting the first two factors under *Younger*. As to the third factor, there is no indication that Plaintiff is unable to raise any constitutional claims in the pending state case through, at minimum, direct appeal of any contrary outcome. *See Penzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"); *Spengler v. L.A.D.A. Off.*, 2021 WL 3418731, at *3 (C.D. Cal. Aug. 4, 2021) (holding *Younger* applies where petitioner can present arguments on appeal of state criminal proceeding regarding deprivation of meaningful access to the court, right to counsel, or the ability to present defense). Finally, Plaintiff's presumptive relief, namely, a stay of the Butte County Superior Court proceedings, production of evidence, and implementing specific disability accommodations, would enjoin or otherwise interfere with the ongoing state criminal prosecution, meeting the fourth *Younger* factor. *See Telles v. Las Vegas Metro. Police Dep't*, 2024 WL 3996566, at *5 (D. Nev. Aug. 12, 2024) (holding that injunctive relief prohibiting criminal defendant from being denied access to exculpatory evidence "would directly interfere with proceedings in the state case"). Thus, all four factors under *Younger* are met.

Plaintiff fails to establish that an exception applies to the *Younger* abstention doctrine in this case. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (citations omitted). Here, Plaintiff's ex parte motion asserts in conclusory fashion she is subject to an exception for a bad faith prosecution because "the DA never obtained the court's own Protective Custody Warrant," which she asserts is exculpatory evidence. Pl. Mot. at 5. This assertion fails because Plaintiff has made no

6

showing that state officials have no hope of obtaining a valid conviction or that the prosecution is undertaken in bad faith for the purpose of harassment or retaliation.

Next, Plaintiff argues extraordinary circumstances exist because, in addition to not having the requested discovery and disability accommodations, the Butte County Superior Court refuses to accept her filings, and her appointed counsel has prevented her from taking independent actions to personally settle the criminal proceeding. Pl. Mot. at 7-8. However, Plaintiff has not indicated an inability to raise these claims on direct appeal. *See Spengler*, 2021 WL 3418731, at \*3; *Mourning v. Gore*, 2013 WL 4525264, at \*1 (S.D. Cal. Aug. 26, 2013) (finding no *Younger* exception where petitioner alleged state court refused to accept his filings but petitioner failed to show inability to petition state appellate or supreme court to address his federal claims or raise them on direct appeal). Thus, no extraordinary circumstances warrant this Court's interference with the Butte County Superior Court proceedings.

**IV.   REQUEST FOR ELECTRONIC SERVICE**

In Plaintiff's TRO motion, Plaintiff indicated her consent to electronic service. Pl Mot. at 7. Plaintiff's request to receive all future court filings in CM/ECF via email is granted.

**V.   CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1.   The Clerk is directed to configure Plaintiff's account so that Plaintiff will receive immediate email notifications when documents are filed in the case in CM/ECF (jdglatfelter@gmail.com, provided in ECF No. 8). Plaintiff will continue to file paper documents with the Court through conventional means.

Further, based upon the findings above, it is RECOMMENDED:

1.   Plaintiff's ex parte motion for a temporary restraining order (ECF No. 8) be DENIED.

/ / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, turn.1061.26