UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE TURNER,<br>Plaintiff,<br>v.<br>COUNTY OF BUTTE, et al.,<br>Defendants. | Case No. 2:26-cv-01061-TLN-CSK (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 14, 16) |

Plaintiff Jeanette Turner is representing herself in this action.[1] Plaintiff initiated this action on March 23, 2026 and applied for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.) Because Plaintiff's affidavit was unsigned and incomplete, the Court denied Plaintiff's IFP application without prejudice. 5/22/2026 Order (ECF No. 7). On June 9, 2026, Plaintiff filed a renewed IFP application. (ECF No. 14.)

For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit" stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,960.00. *See* U.S. Dep't Health & Human Services (available at https://aspe.hhs.gov/poverty-guidelines) (last visited September 24, 2026).

Here, Plaintiff has made the required financial showing under 28 U.S.C. § 1915(a). (*See* ECF No. 14.) However, the Court recommends Plaintiff's IFP application be denied because the action is facially frivolous or without merit. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("[T]he district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit."); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a

motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is frivolous or is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**III. THE COMPLAINT**

Plaintiff brings this action against Defendants County of Butte, the Butte County District Attorney's Office, the Chico Police Department, and Judge Clare Keithley in her individual capacity. Compl. at 3-4 (ECF No. 1). As best as the Court can tell, Plaintiff alleges she is under criminal prosecution in Butte County Superior Court for violation of California Penal Code § 278 (felony abduction of child), due to her contact with the children of Erin and Rory Kirkendall after the children allegedly fled Mr. Kirkendall's residence in May 2025. *Id.* at 7 ¶¶ 20, 22; *id.* at 9 ¶¶ 33-36. Plaintiff alleges that her appointed counsel in the criminal proceeding concluded that she was guilty without reviewing any evidence and refused to communicate with Plaintiff regarding her defense. *Id.* at 10 ¶¶ 39-40. Plaintiff also alleges that she has been denied disability accommodations for her bilateral hearing impairment in the ongoing criminal court proceedings. *Id.* at 11-12 ¶¶ 43-48.

Plaintiff asserts the following claims: (1) 42 U.S.C. § 1983 for violation of due process under the Fifth and Fourteenth Amendments based on the criminal prosecution of Plaintiff in Butte County Superior Court; (2) 42 U.S.C. § 1983 for "Violation of Federal Child Protection Obligations" under Title IV-E of the Social Security Act; (3) 42 U.S.C. § 1983 for violation of the fundamental right to family integrity under the Fourteenth Amendment based on the criminal prosecution of Plaintiff; (4) 42 U.S.C. § 1983 for deliberate indifference of child abuse reports in violation of the Fourteenth Amendment; (5) 42 U.S.C. § 1983 against Defendant Judge Keithley for "Judicial Conduct in Violation of Federal Duties"; (6) 42 U.S.C. § 1983 for constructive denial of the right to counsel under the Sixth Amendment; and (7) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. *Id.* at 12-15. It is not entirely clear which claims are asserted

against which defendants. *See id.*

## IV. DISCUSSION

### A. Judicial Immunity

Plaintiff names in her Complaint Judge Clare Keithley as a defendant. Compl. at 3. Under the doctrine of judicial immunity, judges have absolute immunity for their acts related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). Judicial immunity is an immunity from suit and from an assessment of damages, and applies even when a judge is accused of acting maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 554-54 (1967). Judicial immunity can be overcome when a judge acts outside of his or her judicial capacity and where judicial actions were taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.

Plaintiff alleges generally that Defendant Judge Keithley presided over proceedings involving the Kirkendall family, including issuing a restraining order against Mr. Kirkendall, denying Ms. Kirkendall's requests to suspend Mr. Kirkendall's visitation, ordering a Children Services Division investigation, and issuing a protective custody warrant. Compl. at 3 ¶ 11, 6 ¶ 19, 7 ¶¶ 20, 22, 8 ¶ 25, 9 ¶ 33, 14 ¶ 53. The conduct Plaintiff challenges clearly relates to Defendant Judge Keithley's judicial duties. *See In re Castillo*, 297 F.3d at 947. Therefore, Plaintiff's claims against Defendant Judge Keithley should be dismissed without leave to amend based on judicial immunity. *See id.*

### B. Prosecutorial Immunity

Prosecutors are absolutely immune from civil suits for damages under Section 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions,

are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984). Here, Defendant Butte County District Attorney's Office is immune from suit to the extent that Plaintiff challenges their role in prosecuting Plaintiff. *See* Compl. at 3 ¶ 9, 9 ¶ 36. Accordingly, Plaintiff's claims against Defendant Butte County District Attorney's Office should be dismissed.

**C. *Younger* Abstention**

Further, insofar as Plaintiff's first (due process), third (family integrity), sixth (right to counsel), and seventh (ADA) claims concern ongoing state court proceedings, they are barred by the *Younger* abstention doctrine. "Under the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 44 (1971), federal courts should not interfere in ongoing state court criminal proceedings, and a federal court may not grant injunctive relief while the state court criminal case is pending." *Osegueda v. Stanislaus Cnty. Pub. Safety Ctr.*, 2017 WL 202232, at *9 (E.D. Cal. Jan. 17, 2017). The Ninth Circuit has "articulated a four-part test to determine when *Younger* requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings." *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023). "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation modified). All four factors must be met to find abstention appropriate. *Duke*, 64 F.4th at 1094. However, even if all four *Younger* factors are satisfied, federal courts will not invoke the abstention doctrine if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, Plaintiff's allegations are related to an ongoing criminal case in Butte County Superior Court. *See* Compl. at 4 (citing *People v. Jeanette Turner*, No. 25CF01950 (Butte Cnty. Super. Ct.)), 9-12. A review of the Butte County Superior Court docket for case number 25CF01950 confirms that this criminal case is indeed ongoing, which implicates important state interests, meeting the first two factors under *Younger*. As to the third factor, there is no indication that Plaintiff is unable to raise any constitutional claims in the pending state case through, at minimum, direct appeal of any contrary outcome. *See Penzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"); *Spengler v. L.A.D.A. Off.*, 2021 WL 3418731, at *3 (C.D. Cal. Aug. 4, 2021) (holding Younger applies where petitioner can present arguments on appeal of state criminal proceeding regarding deprivation of meaningful access to the court, right to counsel, or the ability to present defense). Finally, Plaintiff's presumptive relief, including injunctive orders to produce records of related state-court proceedings, to require compliance with the ADA in future proceedings, to disclose all discovery to Plaintiff in her criminal proceeding, and to prohibit incarceration or imposition of travel restrictions on Plaintiff, would enjoin or otherwise interfere with the ongoing state criminal prosecution, meeting the fourth *Younger* factor. *See* Compl. at 15; *Telles v. Las Vegas Metro. Police Dep't*, 2024 WL 3996566, at *5 (D. Nev. Aug. 12, 2024) (holding that injunctive relief prohibiting criminal defendant from being denied access to exculpatory evidence "would directly interfere with proceedings in the state case"). Thus, all four factors under *Younger* are met. Accordingly, Plaintiff's first (due process), third (family integrity), sixth (right to counsel), and seventh (ADA) claims are barred by the *Younger* abstention doctrine.

**D. Violation of Adoption Assistance and Child Welfare Act**

Plaintiff's second cause of action is asserted under Section 1983 for purported violations of Title IV-E of the Social Security Act, 42 U.S.C. §§ 670 *et seq.*, also referred

to as the Adoption Assistance and Child Welfare Act. *See* Compl. at 12 ¶ 47. Specifically, Plaintiff brings a claim under 42 U.S.C. §§ 671(a)(15) and 675(5)(C). *Id.* This claim fails because "42 U.S.C. § 671(a)(15) neither confers an enforceable private right on its beneficiaries nor creates an implied cause of action on their behalf." *Suter v. Artist M.*, 503 U.S. 347, 364 (1992);[2] *see also Elisa W. v. City of New York*, 2026 WL 890582, at *6 (S.D.N.Y. Mar. 31, 2026) ("Sections . . . 675(5)(A)-(C) . . . do not confer individual federal rights that are enforceable through Section 1983."). Accordingly, this claim should be dismissed without leave to amend.

**E. *Monell* Liability**

The remaining claim in Plaintiff's Complaint is Plaintiff's fourth cause of action under Section 1983 for deliberate indifference in violation of the Fourteenth Amendment. Compl. at 13 ¶¶ 50-51. This claim appears to be asserted only against Defendant Chico Police Department. *See id.* Plaintiff alleges that "Defendant Chico PD was on notice of child abuse reports submitted by . . . Oregon residents [including Plaintiff] regarding children already subject to a domestic violence restraining order. Despite this notice . . . Defendant failed to investigate or coordinate with Oregon authorities." *Id.* at 13 ¶ 51.

42 U.S.C. § 1983 provides a cause of action for the deprivation of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation modified). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*,

[2] "Although Congress subsequently enacted the so-called '*Suter* fix' that overruled certain aspects of *Suter*'s holding, it expressly provided that the new statute was not intended to alter the holding in *Suter* that Section 671(a)(15) is not enforceable in a private action." *K.K. v. San Bernardino County*, 2024 WL 4488451, at *6 n.2 (C.D. Cal. July 16, 2024) (citing 42 U.S.C. § 1320a-2), *report and recommendation adopted*, 2024 WL 4165114 (C.D. Cal. Sept. 11, 2024).

639 F.3d 916, 921 (9th Cir. 2011).

"Bringing a section 1983 claim against a municipal police department is essentially bringing the claim against the municipality." *Robertson v. Merced County*, 2024 WL 3091166, at *4 (E.D. Cal. June 21, 2024) (citing *Annan-Yartey v. Honolulu Police Dep't*, 351 F. App'x 243, 246 (9th Cir. 2009)). "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused her constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under Section 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that her injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, Plaintiff's general and conclusory allegations do not show that a "policy or custom" led to her injury. *Monell*, 436 U.S. at 694. Additionally, to the extent Plaintiff may be purporting to bring a Section 1983 claim on behalf of injured minors, Plaintiff lacks standing to vicariously assert the constitutional claims of third parties. *See United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990); *J.R. by & through Rizzi v. Palos*

*Verdes Peninsula Unified Sch. Dist.*, 2021 WL 4553056, at *2 (C.D. Cal. Oct. 5, 2021) ("A plaintiff proceeding pro se in federal court, however, does not have standing to vicariously assert the constitutional claims of others. This applies to a parent or guardian attempting to raise a claim on behalf of a minor child."). Thus, the Complaint does not allege specific facts to meet the elements of a *Monell* claim, and therefore Plaintiff's *Monell* claim against Defendant Chico Police Department (Claim 4) is subject to dismissal.

**F. Failure to Comply with Federal Rule of Civil Procedure 8**

The Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Here, the Complaint does not contain facts supporting any cognizable legal claim against any defendant. *See Compl.* The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal.[3] *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

**G. Leave to Amend**

In considering whether leave to amend should be granted, the Court considers that Plaintiff's claims are barred by the *Younger* abstention doctrine and that Defendants

[3] The Court notes that on June 16, 2026 and September 17, 2026, Plaintiff filed voluminous documents appearing to constitute part of the record in Plaintiff's pending state criminal proceedings. (ECF Nos. 18, 20.) There is no request accompanying these filings. To the extent they are intended to supplement the Complaint, the Court advises that it is not the Court's responsibility to sift through Plaintiff's submissions to identify a cognizable cause of action.

Butte County District Attorney's Office and Judge Clare Keithley are entitled to immunity. Further, Plaintiff's current Complaint does not present a cogent, non-frivolous claim. In light of the Complaint's deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### H. Plaintiff's Motion for E-Filing

Finally, Plaintiff has filed a motion requesting e-filing access to file documents in CM/ECF. (ECF No. 16.) Plaintiff asserts that she resides in Portland, Oregon and has a bilateral hearing impairment. (*Id.* at 2-3.) The Court previously addressed Plaintiff's consent to electronic service and granted Plaintiff electronic service of documents. 5/28/2026 Order and Findings and Recommendations (ECF No. 10). The Clerk of the Court also previously configured Plaintiff's account so that Plaintiff would receive immediate email notifications when documents are filed. *Id.* Plaintiff's current request for e-filing does not demonstrate good cause to depart from the normal filing procedure for unrepresented litigants. Plaintiff is reminded of the requirement to follow the Local Rules, the Federal Rules of Civil Procedure, and court orders. Accordingly, Plaintiff's request for e-filing access (ECF No. 16) is denied.

## V. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for e-filing access (ECF No. 16) is DENIED.

Further, based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 14) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file

written objections with the Court and serve a copy on all parties. This document should be captioned “Objections to Magistrate Judge’s Findings and Recommendations.” Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court’s order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, turn.1061.26